Nicholson, C. J.,
delivered the opinion of the Court"
Plaintiff in error was indicted in the Circuit Court of Blount county, at the May Term, 1870, for an affray. The indictment charges that defendant, “ on the 10th day of April, 1870, with force and arms, an affray did make by then and there fighting with James Lemons, in a public place, to the terror of the good people of the State then and there assembled,” &c.
Defendant plead not guilty, and upon the trial was convicted and fined. Upon the discharge of his motion for a new trial, he tendered his bill of exceptions and appealed to this court.
*279 The first error assigned for reversal is, that the presentment is defective in not charging in what kind of a public place the affray occurred. The presentment is a copy of one in the ease of the State v. Benthal, 5 Hum., 519, which was sustained by the court as sufficient.
The next error relied on, is, that the evidence does not support the verdict, inasmuch as it proves that the fight was not in a “public place,” but was in an old field. One of the witnesses, John Hyde, describes the affray as follows: “That he saw James Lemons coming through Everett’s field with Ben Owens, Emerson "Wilson and James Brown, in pursuit of him; they were all throwing rocks; they came on through the field and went to Mrs. Dowell’s house; they were all throwing rocks; were in a considerable run; there were several houses in sight — Mrs. Dowell’s, my father’s, and Mr. Baker’s, and some houses near the depot. It was in a half or three-quarters of a mile from the court-house. They went to Mrs. Dowell’s house, and soon left there and went over towards the house of Mr. Allen — Lemons in front, and the others still pursuing him; they were all still throwing rooks. They started on the run from near the railroad; people are accustomed frequently to pass along the railroad on foot; they crossed the main road leading from Maryville to Knoxville while in the row; they were in distance to hit each other while throwing rocks and sticks.”
The evidence of the other witnesses does not differ materially from that of this one. From all which, it is pretty clear that the fight commenced in the old field, and it does not. appear that that was a public *280 place. But there seems to bave been three against one, and we infer that the fight in the old field was of short duration before Lemons concluded that ho could succeed better in a running than in a stand-to fight. The evidence makes it clear that the fight was not brought to a final issue in the old field, but that it was kept up with rocks and sticks until the parties reached the houses of several neighbors, at which places the rocks continued to fly. "We are satisfied that it was all one fight, or more properly a fight in the old field with a continuando in public places around and through the houses of the neighbors generally. We are, therefore, of opinion that, while the proof shows that there was fighting’ in a place not public, it also shows that there was fighting in places that were public, and that the evidence supports the verdict.
The last error assigned is, that the Circuit Judge erred in charging the jury that, “if people should assemble while a fight is going on in a private place, that it would then be a public place.” Perhaps the charge was subject to some criticism if the judge meant that if people were attracted to a private place where a fight was on hand and the fight brought them there, then that would make it a public place. But we do not so understand the charge. We understand him to say, that “whether the people had assembled suddenly for some lawful and innocent purpose, or whether they were present living there, and in fact did see and hear the fighting, and were put in terror,” it would be a public place. But if the charge was slightly erroneous, it could not have been injurious to *281 defendant, as it was upon an abstract question which was not presented by the evidence. The evidence described fighting where there were families of people who were at home and were under no necessity to go out to the old field to witness it. The parties brought the row, as one witness calls it, to their very doors and forced them to see the rocks flying and hear the noise.
Upon the whole case, we are of opinion that there is no error, and we affirm the judgment.